UNITED STATES BANKTRUPCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: Thomas Aaron Plank | : | CASE NO: 09-17924 |
| | : | Chapter 7 |
| Debtor, | : | |
| Thomas Aaron Plank | : | |
| Plaintiff, | : | |
| v. | : | ADV.PROC.NO. |
| Clare Marie Gomez-Kling | : | |
| Natural Parent and Guardian of | : | |
| Timothy Aaron Plank, Minor | : | |
| Defendant, | : | |

## COMPLAINT SEEKING DAMAGES IN A CORE ADVERSARY PROCEEDING

### Introduction

1. This is an action for actual damages filed by the debtor pursuant to Sections 105 and 362(a)(3) of the Bankruptcy Code and Maryland Consumer Protection Act.

### Jurisdiction and Venue

2. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter case under Title 11 and concerns the debtor in that case.

3. This Court has both person and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(20 of Title 28 of the United States Code.

4. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

5.  Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**Parties**

6.  The Plaintiff in this case is a debtor under Chapter 7 of Title 11 of the United States Code in case number 09-17924, which case is currently still open in this court.

7.  The Defendant, Clare Marie Gomez-Kling (hereinafter Kling) is a creditor of debtor.

**Factual Allegations**

8.  The debtor denies that he owes Kling any monies, and that any monies owed Kling were obtained in a lower court by fraud and/or false pretense, and by default.

9.  That the debtor filed for Chapter 7 bankruptcy protection on or about May 4, 2009.

10. The Plaintiff properly listed Kling as a Creditor on his schedules using her physical address.

11. That Plaintiff sent a letter to Kling on or about May 4, 2009, when he notified her of his bankruptcy. This letter was to warn the Defendant not to have any impermissible contact with the Plaintiff, including correspondence, and the possible consequences resulting as a result thereof.

12. There is no evidence in the docket that any mail was returned as "undeliverable" to Kling, this the Plaintiff has reason to believe the Defendant had actual knowledge as to the Notice of Commencement of Case.

13. That the Defendant, despite receiving the aforementioned notices from both the Court and the Plaintiff, has attempted to contact Plaintiff on several occasions by making several phone calls to Plaintiff demanding payment after the filing of the bankruptcy proceeding thus violating the automatic stay.

14. That the Defendant, despite receiving the aforementioned notice, has attempted to collect monies from the Plaintiff on several occasions via telephone from a blocked/private number on the following dates and times:

May 10, 2009 @ 10:30am,

May 12, 2009 @ 2:34pm,

May 23, 2009 @ 3:30pm

June 2, 2009 @ 11:30am

June 15, 2009 @ 2:24pm

July 1, 2009 @3:34pm

July 12, 2009 @4:34pm

Plus numerous other attempts that were not logged (about 30+ calls)

## First Claim for Relief

## (Violation of the Automatic Stay)

15. The allegations in paragraphs 1 through 14 of this complaint are realleged and incorporated herein by this reference.

16. The actions of the Defendant causing the improper demands for payment by repeated telephone contacts to the Plaintiff, constitute a gross violation of the automatic stay as set forth in 11 U.S.C. Section 362(a)(3).

17. As a result of the above violations of 11 U.S.C. Section 362(a)(3), the Defendant is liable to Plaintiff for actual damages, punitive damages, and fees.

## Second Claim for Relief

## Violation of the Maryland Consumer Protection Act (MCPA)

18. The allegations in paragraphs 1 through 17 of this complaint are realleged and incorporated herein by this reference.

19. Defendant's conduct was unfair and deceptive and violated the Maryland Consumer Protection Act ("MCPA"), section 13-303(4) Maryland Commercial Law Article. That the Defendant engaged in unfair or deceptive trade practice in violation of the MCPA by intentionally making improper demands for payment by repeated telephone contacts to the Plaintiff without the Court's approval or knowledge for which it has no legal right or claim and Plaintiff has suffered damages, including emotional distress and mental anguish.

Wherefore, the Plaintiff, having set forth their claims for relief against the Defendant respectfully pray of the Court as follows:

A. That the Plaintiff shall have and recover against Defendant actual damages that in the discretion of this Court is deemed appropriate;

B. That the Plaintiff shall receive a sum of $20,000.00 (TWENTY THOUSAND DOLLARS) from Defendant for their gross violation of the automatic stay and per se Contempt of Court for violating the relief order;

C. That this court order Defendant to pay additional actual damages in a sum to be determined by this Court for violation of the Maryland Consumer Protection Act; and

D. That the Plaintiff shall have such other and further relief as the Court may deem just and proper.

Date: October 13, 2009

*Thomas Aaron Plank* (signature)

**JURY TRIAL DEMAND**

Defendant, Thomas Plank, demands a trial by jury on the facts of this case should it not be dismissed or settled.

## CERTIFICATE OF SERVICE

I, Thomas Aaron Plank, Defendant, hereby certify that on October 13, 2009, I caused a true and correct copy of the foregoing Complaint Seeking Damages in Core Adversary Proceeding to be mailed via first class mail, postage prepaid to Plaintiff below:

Clare Marie Gomez-Kling
246 East Madison Street
Greencastle, PA 17225

_____
Thomas Aaron Plank, Defendant